UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEREMY MARTIN HAAR,<br><br>      Plaintiff,<br><br>      v.<br><br>WILLIAM K. MARSHALL, III, et al.,<br><br>      Defendants. | Civil Action No. 25-13426-MJJ |

# ORDER

December 31, 2025

JOUN, D.J.

      Plaintiff Jeremy Martin Haar ("Mr. Haar"), who is representing himself, brings this action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), concerning medical treatment at FMC Devens, where he is confined. Mr. Haar filed with his complaint a motion for a temporary restraining order and preliminary injunction [Doc. No. 2], a memorandum in support thereof [Doc. No. 3], and a motion for leave to proceed *in forma pauperis*, [Doc. No. 4].

      Upon review of Mr. Haar's filings, the Court hereby orders,

      1.      The motion for leave to proceed *in forma pauperis* [Doc. No. 4] is <u>GRANTED</u>. The $55 administrative fee for commencing a non-habeas civil action is waived. The $350 statutory filing fee, *see* 28 U.S.C. § 1914(a), shall be collected over time. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $47.23. The remainder of the fee shall be collected pursuant to 28 U.S.C. § 1915(b)(2). The Clerk shall issue a notice for payment of prisoner filing fee and provide it to the treasurer of the institution having custody of Mr. Haar.

2.	Defendants Willlliam K. Marshall, III and Collette Peters shall be DISMISSED as parties to this action because Mr. Haar has failed to state a claim upon which relief may be granted against these defendants.[1] Mr. Haar identifies these parties as the current and former directors of the Federal Bureau of Prisons, respectively. Nothing in the complaint suggests that these defendants played any direct role in the alleged deprivation of adequate medical care, and "*Bivens* is not designed to hold officers responsible for the acts of their subordinates." *Ziglar v. Abbasi*, 582 U.S. 120, 141 (2017); *see also id.* 140 ("[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others.").

3.	The motion for a temporary restraining order [Doc. No. 2] is DENIED insofar as Mr. Haar seeks a temporary restraining order. Due to the nature of the relief Mr. Haar requests, the Court will not grant any relief without first giving the defendants an opportunity to respond to the motion. The motion shall remain pending on the docket as one for a preliminary injunction.

4.	The Clerk shall issue summonses for all remaining defendants except the Jane and John Doe defendants. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, the Mr. Haar discovers the true names of the Jane and John defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." *Id.* at 8 n.5. Mr. Haar may then also file a motion for issuance of summonses for these defendants.

---

[1] The Court must conduct a preliminary review of a complaint filed by a prisoner against a government entity or employee and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party who is immune from such relief. *See* 28 U.S.C. § 1915A.

5.	Mr. Haar must ensure that each defendant is served with the summons, complaint, the motion for a preliminary injunctive relief and supporting memorandum, and this order in accordance with Rule 4 of the Federal Rules of Procedure. Because the defendants are federal employees, Mr. Haar must also serve a copy of the summons for each defendant, the complaint, the motion for a preliminary injunctive relief and supporting memorandum, and this order on the United States Attorney General and the United States Attorney for the District of Massachusetts. Service must be completed within 90 days of the date the summonses issue. Failure to complete service within 90 days may result in dismissal of the action without prior notice from the Court. *See* Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

6.	Because Mr. Haar is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so requested by Mr. Haar, the USMS shall serve the defendants, the United States Attorney General, and the United States Attorney for the District of Massachusetts with all expenses to be advanced by the United States. Mr. Haar is responsible for providing the USMS with a copy of this order (for the agency's records) and all papers to be served (summons, complaint, motion for a preliminary injunctive relief and supporting memorandum, and this order). Mr. Haar is also response for completing a USM-285 form for each defendant, the United States Attorney General, and the United States Attorney for the District of Massachusetts. The Clerk shall provide Mr. Haar with forms and instructions for service by the USMS.

SO ORDERED.

    /s/ Myong J. Joun        
Myong J. Joun
United States District Judge